## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASON MEAD** | * | |
| | * | |
| **Plaintiff,** | * | **Civil action No._____** |
| | * | |
| **v.** | * | **Section_____** |
| | * | |
| **ALTUS GTS INC.,** | * | **Magistrate_____** |
| **a/k/a ALTUS GLOBAL TRADE SOLUTIONS** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>COMPLAINT</u>

### I.    <u>Introduction</u>

1.    This is a civil action brought by an individual consumer under the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and Louisiana State Consumer

Protection laws.

### II.    <u>Jurisdiction</u>

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and

1337.

### III.     Parties

3.     Plaintiff, Jason Mead (hereinafter, "Mead") is a natural person who resides in Orleans Parish, Louisiana, and is an alleged "debtor" as defined by the FDCPA, 15 U.S.C. § 1692a, although he denies that he owes the alleged "debt."

4.     Defendant Altus GTS Inc. a/k/a Altus Global Trade Solutions (hereinafter, "Altus") is a Delaware corporation with a principal place of business in Kenner, Louisiana, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  Altus may be served through its registered agent for service of process National Registered Agents, Inc., 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

### IV.     Factual Allegations

5.     For tax years 2005 and 2006, Mead hired a certified public accountant, Mr. Elliot M. Bain of Bain, Freibaum & Co., LLC, to prepare and file his State and Federal taxes.

6.     Upon successful filing of said tax returns, Bain, Freibaum & Co., LLC began sending Mead invoices for services rendered that far exceeded what could possibly have been the appropriate charges for Mead's single-filer tax returns at the time.

7.     Consequently, Mead disputed the validity of the charges directly with Bain, Freibaum & Co., LLC.

8.     In response, Mr. Elliot M. Bain of Bain, Freibaum & Co., LLC agreed to review the bill and upon doing so, agreed that Mr. Mead had indeed been vastly overcharged.  Mr. Bain agreed that he would investigate the same and get back to Mr. Mead with the results thereof.  Mr. Bain never followed up on said promise.

9.   Years passed and Mead believed the matter was behind him, when on of September 24, 2012, Bain, Freibaum & Co., LLC sent Mead a new invoice, this time with fees and charges associated with a Ms. Christine Baer included therein.

10.  This letter of September 24, 2012 was one of many Mead received during this period, dunning for payment on a prescribed debt.  In some cases, Bain, Freibaum & Co., LLC would imply that it intended to take legal action it could not legally do.  And yet, each time, Mead would call Bain, Freibaum & Co., LLC and dispute the validity of the debt, and each time, he would be met with fresh promises of renewed investigations.  None ensued.

11.  Finally, after receiving yet another dunning request on August 1, 2014, Mead contacted undersigned counsel for assistance. As a result, undersigned counsel wrote to Elliot M. Bain of Bain, Freibaum & Co., LLC demanding his firm cease and desist with its collection efforts of a disputed and prescribed debt.  Among other things, Mead expressly demanded that all future correspondence regarding the alleged debt go through undersigned counsel.  To no avail.   A copy of such letter is attached hereto as Exhibit 1.

12.  Bain, Freibaum & Co., LLC placed the disputed and prescribed account for collection with defendant Altus.   Consequently, Altus sent its initial correspondence to Mead, seeking collection of the disputed and prescribed account.

13.  In response, undersigned counsel notified Altus that it was seeking to collect on a highly disputed account and specifically notified Altus that "further collection activity may engender judicial action in the form of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq."  A copy of said correspondence is attached hereto as Exhibit 2.

14.     Altus received such letter on October 3, 2014, as evidenced by the certified mail return receipt, a copy of which is attached hereto as Exhibit 3.

15.     Nevertheless, by letter directly to Mead dated November 4, 2014, Altus reminded Mead that it had given him 30 days to dispute the validity of the debt and demanded payment thereof.  A copy of such November 4, 2014 letter is attached hereto as Exhibit 4.

## First Claim for Relief

### (Fair Debt Collection Practices Act)

16.     Mead realleges paragraphs 1 – 15 as though fully set forth herein.

17.     Mead is an alleged "debtor" as defined by 15 U.S.C. § 1692a, although he denies that he owes any amount of the alleged "debt."

18.     Defendant Altus is a "debt collector" as defined by 15 U.S.C. § 1692a.

19.     Defendant Altus 15 U.S.C. § 1692e by representing that Mead owed amounts that he did not owe.

20.     Defendant Altus violated 15 U.S.C. § 1692(c) by communicating with Mead after it knew Mead requested cessation of all communication.

21.     Defendant Altus violated 15 U.S.C. § 1692(e)(2)(a) by falsely representing the character and legal status of the alleged debt.

22.     Defendant Altus violated 15 U.S.C. § 1692g(b) by continuing collection activities within 30 of receipt of formal dispute and notification that Mead disputed the alleged debt.

23.    As a result of Altus' failure to comply with the requirements of the FDCPA, Mead has suffered actual damages, including damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, for which he seeks damages in an amount to be determined, in addition to statutory damages in an amount to be determined by the Court.

### **Second Claim for Relief**

### **(Negligence and Unfair Consumer Collection)**

24.    Mead realleges paragraphs 1 – 15 as though fully set forth herein.

25.    Defendant Altus attempted to collect a highly disputed debt from Mead that it knew Mead disputed the same.

26.    As a result of Altus' failure to comply with the requirements of Louisiana law, Mead has suffered actual damages, including damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, for which he seeks damages in an amount to be determined, in addition to statutory damages in an amount to be determined by the Court.

WHEREFORE, Mead respectfully requests that the Court grant the following relief in his favor and against each defendant for:

a)  Actual damages;

b)  Statutory damages;

c)  Attorney's fees, litigation expenses and costs; and

d)  Such other and further relief as is appropriate.

DATED this 25th day of November, 2014.

PATRICK MILLER LLC

/s/ *Marc R. Michaud*

Marc R. Michaud, La. Bar No. 28962
400 Poydras Street, Ste. 1680
New Orleans, LA 70130
(504) 680-4318 (Telephone)
(504) 527-5456 (Facsimile)
mmichaud@patrickmillerlaw.com (Email)
Attorney for Jason Mead